UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TONY TERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:26-cv-00027-GCS** |
| | ) | |
| **MONROE COUNTY, ILLINOIS,** | ) | |
| **NEAL ROHLFING,** | ) | |
| **SERGEANT LOGAN ZIRKELBACH,** | ) | |
| **and CAPTAIN CHAD MUELLER** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Pending before the Court is a motion to dismiss for failure to comply with the Federal Rules of Civil Procedure, specifically Rules 10(b) and 12(b)(6). (Doc. 27). Defendants argue that: (1) the complaint is improperly organized to such a degree that it is difficult to understand or respond to, (2) Plaintiff failed to allege facts sufficient to plead each element of a failure to protect claim, (3) Defendants Mueller and Zirkelbach are entitled to qualified immunity, (4) Monell liability against the municipality is not properly pled, and (5) Monroe County is not liable for the alleged actions of the individual Defendants. Plaintiff filed an opposition to the motion. (Doc. 33). Based on the reasons delineated below, the Court **GRANTS in part** and **DENIES in part** the motion.

Plaintiff Tony Terry, who was in custody at the Monroe County jail during the relevant events of this case, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges the Defendants failed to take reasonable measures to protect him from a violent attack in violation of the Fourth and Fourteenth Amendments. (Doc. 1-2).

## FACTS

Defendant Monroe County is a municipal organization organized under the laws of the State of Illinois. It manages, operates, and controls the activities of the Monroe County Sheriff's Department and the people employed by the department. (Doc. 1-2, p. 2).

Plaintiff alleges on November 10, 2024, he was attacked by another detainee. (Doc. 1-2, p. 3). At the time, Plaintiff was under the protection and in the custody of the Defendants, Captain Chad Mueller and Sergeant Logan Zirkelbach. *Id*. Defendants Mueller and Zirkelbach failed to protect Plaintiff from the attack, resulting in severe injuries to Plaintiff. *Id*.

Plaintiff further alleges these acts were committed under color of law pursuant to the policies, customs, and usages of Defendant Monroe County. These include, but are not limited to: the reckless failure to properly train officers in the avoidance of inmate confrontation; the right of pretrial detainees and statutory protections explicitly required by 725 ILL. COMP. STAT. § 5/1032(c); the reckless failure to discipline or sanction deputies,

regardless of conduct that demonstrates an unfitness to hold such a position; the reckless practice of condoning misconduct of select deputies and protecting and maintaining rank and privilege regardless of misconduct in office. *Id*. at 4-5.

## LEGAL STANDARDS

Rule 10(b) of the Federal Rules of Civil Procedure requires that a pleading must state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. *See* FED. R. CIV. PROC. 10(b). Dismissal pursuant to Rule 10(b) is only appropriate where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct. *See Stanard v. Nygren*, 658 F.3d 792, 789 (7th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *See Gociman v. Loyola University of Chicago,* 41 F.4th 873, 885 (7th Cir. 2022) (citations omitted). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See Yash Venture Holdings, LLC v. Moca Financial, Inc.*, 116 F.4th 651, 656 (7th Cir. 2024); *Gociman,* 41 F.4th at 881 (citations omitted). The complaint will survive a motion to dismiss only if it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025); *Lewis v. AbbVie Inc.,*

No. 24-3121, 2025 WL 2527461, at *3 (7th Cir. Sept. 3, 2025) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir. 2023).

## DISCUSSION

### I. Dismissal Under Federal Rules of Civil Procedure Rule 10

"The primary purpose of [FED. R. CIV. PROC. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797. The Court agrees with Defendants that the complaint gives, at best, vague and cursory descriptions of the alleged violations of unreasonable search and seizure and punishment without due process of law. Therefore, the Court finds it appropriate to dismiss those claims without prejudice, so that Plaintiff might offer a more well-organized description with separate counts for the named Defendants.

### II. Dismissal Under Federal Rules of Civil Procedure Rule 12(b)(6)

With regard to the Defendants in their individual capacities, Plaintiff can defeat this motion to dismiss only if each element of a failure to protect claim has been plausibly alleged in the complaint. These elements are that: (1) Defendants made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) Defendants

did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of Defendants' conduct obvious; and (4) by not taking such measures, Defendants caused the Plaintiff's injuries. *See Kemp v. Fulton County*, 27 F.4th 491, 496 (7th Cir. 2022). In addition, Defendants must have acted purposefully, knowingly, or recklessly with regard to the conditions of Plaintiff's detainment. *Id.* at 498. Even after drawing all reasonable inferences in favor of Plaintiff, this Court cannot discern any non-conclusory allegations addressing the Defendants' knowledge of the conditions of Plaintiff's confinement. As a result, Plaintiff has necessarily failed to allege facts sufficient to survive this motion to dismiss.

To hold Defendant Rohlfing in his official capacity and Defendant Monroe County liable through *Monell*, this Court must find that Plaintiff has suffered a deprivation of a constitutionally protected interest, and that the deprivation was caused by an express municipal policy, a widespread custom or practice, or a decision by a municipal agent with final policymaking authority. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978); *Milestone v. City of Monroe, Wisconsin*, 665 F.3d 774, 780 (7th Cir. 2011). In Plaintiff's response, he asserts with some uncertainty that "there was a policy allowing dangerous Federal inmates to interact with State held inmates," which led to Plaintiff's injury. Nowhere in the complaint is such a policy described, nor is it explained how such a policy caused Plaintiff's injuries. Further, there exist deficiencies in

the connections between the policies actually alleged in the complaint and the injuries Plaintiff sustained. It is, therefore, not clear to the Court how *Monell* liability is satisfied in this case. The Court requests that, in any future amended pleadings, Plaintiff give an in-depth explanation of the basis on which he is seeking liability for the municipality and a clear assertion of how that basis applies to Plaintiff's actual circumstances.

**III. Qualified Immunity**

As to Defendant Zirkelbach's and Defendant Mueller's argument regarding qualified immunity, the Court finds that this issue is premature for resolution at this stage in the litigation. Thus, the issue is better suited for determination after discovery has been completed via summary judgment, if necessary. *See, e.g.*, *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (noting that courts hesitate to dismiss complaints on qualified immunity grounds "[b]ecause an immunity defense usually depends on the facts of the case" beyond the allegations of the complaint).

The Court does not reach Defendant's argument that Monroe County should be dismissed for lack of vicarious liability for individual actions, as it is rendered moot by the foregoing analysis.

**CONCLUSION**

For the reasons provided, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss. (Doc. 27). The Court **GRANTS** the motion as to Defendants' arguments regarding Federal Rules of Civil Procedure, 10(b) and 12(b)(6).

The Court **DENIES** the motion as to the issues of qualified immunity and lack of vicarious liability for the individual Defendants. Thus, the Court **DISMISSES without prejudice** Plaintiff's complaint and **ALLOWS** Plaintiff up to and including 30 days to file an amended complaint that comports with this Memorandum & Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

**IT IS SO ORDERED.**

**DATED: August 28, 2026.**

Gilbert C. Sison

Digitally signed by Judge Sison
Date: 2026.08.28 13:02:40 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**